■ MADELINE C. SIRACO, Respondent, v. AMERICAN OIL COMPANY, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Washington County, denying appellant's motion for summary judgment. In this action respondent seeks damages for breach of contract and specific performance in connection with a lease agreement executed in February of 1961 wherein respondent agreed to lease certain premises located in Saratoga Springs to appellant for the purposes of operating a gas station. At the time the lease was executed respondent did not possess title to the leased premises, a fact appellant was clearly aware of, and thus the following additional clauses were inserted in one of the appellant's standard contracts: "Notwithstanding anything in the printed text of this lease, This Lease shall not be binding on the part of either Lessor or Lessee unless Lessor secures a good and marketable title to the premises so described in the text of said lease. "In reference to Paragraph #2 of the lease 'It is hereby agreed and understood by both Lessor and Lessee that the original term of Ten (10) years of said lease, shall commence Thirty (30) Days after Lessor secures possession and title to the premises so described in the text of said lease.'" It was originally contemplated that respondent would be able to secure title at a foreclosure sale but when the sale was held in December of 1961 these plans went awry when the mortgagee bank submitted a higher bid. Thereafter on or about March 13, 1962 appellant served notice on respondent that it was terminating the lease agreement. Then on March 30, 1962 respondent's husband obtained title from the mortgage bank but it was not until November of 1962 (some seven or eight months after her husband acquired the property and some 21 months after the lease was executed) that respondent obtained title from her husband and pressed appellant for compliance with the lease. There is no dispute, however, that appellant's agent Quigley was aware of the foreclosure difficulties and that at an examination before trial Quigley conceded that the lease itself had no limitation in it as to when respondent had to obtain title. Furthermore, respondent's husband stated on his examination before trial that appellant's representative had indicated that since the respondent's husband was obtaining title he would "wait awhile." Appellant's basic position in summary is that the lease was not a binding contractual obligation because it lacks mutuality and that in any event the above-quoted provisions of the lease established a condition precedent to the operation of the lease which respondent did not fulfill because, as a matter of law, she failed to secure title with due diligence and within a reasonable time. We find no merit in these contentions at the present time. Without a fuller development and final resolution of possibly disputed factual issues, it cannot be said that the contract lacked mutuality. While the contract would appear to give respondent the advantage of allowing her at some latitude to postpone receiving title and at the same time keep appellant obligated under the terms thereof, we cannot say as a matter of law that such an arrangement is unconscionable especially when appellant proposed and prepared the agreement involved. Similarly, since the lease itself does not make time of the essence and since the clauses involved relieve appellant only if respondent were unable to secure a marketable title and do not establish the time within which appellant had to procure it, appellant is entitled to relief from its obligation only if more than a reasonable time had elapsed prior to appellant's acquisition. The resolution of this issue depends obviously on the facts involved, particularly the intent of the parties, and we cannot say that the present record established,

as a matter of law, that appellant's delay was unreasonable. Order affirmed, with costs. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur with Reynolds, J.